## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| HWS ENERGY PARTNERS LLC, *an Illinois limited liability company*, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.   10-cv-1124 |
| NEW CIE ENERGY OPCO LLC, *a Delaware limited liability company*, ) ) ) | |
| Defendant. ) | |

## **O R D E R   &   O P I N I O N**

This matter is before the Court *sua sponte*. On April 7, 2010, Plaintiff filed a Complaint in Replevin in the Circuit Court for Fulton County, Illinois, alleging that it is the owner of certain "instruments of service" that are "wrongfully detained" by Defendant. (Doc. 1, Ex. 1 at 6-9). On May 3, 2010, Defendant removed the case to this Court. (Doc. 1). In its Notice of Removal, Defendant noted two possible bases for subject matter jurisdiction: diversity and that the case is "related to" a bankruptcy case in the bankruptcy court for this district, which would give rise to jurisdiction under 28 U.S.C. §§ 1452(a) and 1334(b). On May 17, 2010, Magistrate Judge Gorman, noting that Defendant stated Plaintiff's citizenship only "on information and belief," ordered Defendant to obtain and file an affirmative statement of Plaintiff's citizenship. In addition, Judge Gorman directed Defendant to file a brief supporting its assertion that § 1452(a) applies to this case. (5/17/10 Text Order). On May 21, 2010, Defendant filed an Answer to the Complaint, and on

May 28, filed a brief and a sworn declaration in response to Judge Gorman's Order. (Docs. 3-5).

First, the Court finds that it has subject matter jurisdiction over this case under 28 U.S.C. § 1332. Defendant's counsel submitted a sworn declaration affirmatively stating that Plaintiff is an Illinois limited liability company, the three members of which are all Illinois citizens. (Doc. 5 at 1-2). For diversity jurisdiction purposes, a limited liability company's citizenship is determined by that of its members, so Plaintiff is a citizen of Illinois. *See, e.g., Hukic v. Aurora Loan Services*, 588 F.3d 420, 427 (7th Cir. 2009). As Defendant is not a citizen of Illinois, while Plaintiff is, and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction over this case.

As the Court has subject matter jurisdiction over this case under § 1332, there is no need to find that 28 U.S.C. § 1452(a) applies in this case. However, Defendant's Notice of Removal and Brief in Support of the Proposition that 28 U.S.C. § 1452(a) Applies to this Case leads the Court to direct the parties to brief the issue of why this matter should not be referred to the bankruptcy court because of its relation to the bankruptcy case of *In re Central Illinois Energy, L.L.C.* Under § 1542(a), "[a] party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." In turn, § 1334(b) provides that, subject to certain exceptions, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Defendant argues that the claim raised in Plaintiff's Complaint is "related to" the bankruptcy case of *In re Central Illinois Energy, L.L.C.*, in the Bankruptcy Court for the Central District of Illinois (case number 07-82817). According to Defendant, it acquired the assets of the debtor, Central Illinois Energy, "pursuant to an Asset Purchase Agreement and an order approving the sale of substantially all of the assets of the debtor pursuant to that agreement and sections 363 and 365 of chapter 11 of the Bankruptcy Code." (Doc. 4 at 2). Among these assets were "documents," which apparently include the "instruments of service" that Plaintiff seeks to have returned. Defendant explains that "Plaintiff's position is that the transfer of the instruments of service from the debtor to Defendant pursuant to the foregoing order and agreement was invalid," and that, if Plaintiff were found to be correct, the instruments of service would pass back to the debtor's estate, and Plaintiff would likely challenge the debtor's interest in them, which would affect the amount of property available for distribution in the bankruptcy estate. (Doc. 4 at 2).

Defendant contends that removal to this Court is proper because Plaintiff's claim is "related to" the bankruptcy case, citing to *Matter of Heath*, 115 F.3d 521, 524 (7th Cir. 1997) and *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989), for the propositions that a matter is "related to" a bankruptcy case if "it is likely to affect the debtor's estate" or "affects the amount of property available for distribution or the allocation of property among creditors." However, *Heath* addressed only the jurisdiction over the *bankruptcy* court over claims "related to" the bankruptcy proceeding, not the district court. Further, *Home Ins. Co.* dealt with

3

28 U.S.C. § 157(c), which provides that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title;" again, not addressing to when a district court should hear a case "related to" a bankruptcy case. Thus, neither of the cases cited by Defendant is directly on point.

The Court notes, though, that it may, under § 157(a), "provide that any or all cases…related to a case under title 11 shall be referred to the bankruptcy judges for the district." It appears that under § 157(c), such referral can take one of two forms: (1) the bankruptcy judge can issue proposed findings of fact and conclusions of law to this Court for final order, or (2) the parties can consent to have the bankruptcy judge enter the appropriate orders and judgments, with the right of district court review.[1] If it is true, then, that the disposition of Plaintiff's instant claim before this Court is related to the bankruptcy case of *In re Central Illinois Energy, L.L.C.*, then the Court's initial impression is that this matter should be referred to the bankruptcy court for disposition under either § 157(c)(1) or (2).

IT IS THEREFORE ORDERED that the parties SHALL file briefs addressing the question of whether this matter should be referred to the bankruptcy court for this district within 14 days of the date of this Order.

---

[1] This relationship appears to be quite similar to proceedings involving magistrate judges, who can either issue Reports & Recommendations on dispositive matters, or to whose jurisdiction the parties can consent.

Entered this <u>8th</u> day of June, 2010.

                                                       <u>s/ Joe B. McDade</u>
                                                       JOE BILLY McDADE
                               United States Senior District Judge